This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Pamela West has appealed from an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Plaintiff-Appellee Bankers Trust Company ("Bankers"). This Court affirms.
{¶ 2} On November 1, 2001, Bankers filed a motion to reinstate a previously filed action seeking judgment on a promissory note executed by Ms. West, and foreclosure of the mortgage securing the note. Following a hearing on December 5, 2001, the trial court granted summary judgment in favor of Bankers in its action for foreclosure. Ms. West has appealed from this order of the trial court.
{¶ 3} We begin by noting that Ms. West's brief does not articulate any specific assignments of error. In her arguments to this Court, Ms. West has accused the trial court of numerous ethical improprieties in conducting its proceedings, and has alleged that Bankers' business practices include fraud and predatory lending. Because Ms. West did not raise in the trial court any allegations of impropriety with respect to either the trial court's actions or the business practices of Bankers, and because we find these allegations wholly unsupported by the record, we will not further address them. In the interest of justice, however, we will consider whether the trial court erred in granting summary judgment in favor of Bankers.
{¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 5} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 6} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
{¶ 7} Many of the facts relevant to this foreclosure action are undisputed. In August 2000, Ms. West purchased a parcel of real property and executed a promissory note to Saxon Mortgage, Inc. in the amount of $86,400. The note was secured by a mortgage on the property. Almost immediately after they were executed and filed with the recorder's office, the note and mortgage were assigned to Bankers. According to the terms of the note and the mortgage, Ms. West was required to make monthly payments of $991.22. The payments were to commence on October 1, 2000, and would be due on the first day of each month thereafter. The terms also included a fifteen-day grace period for each monthly payment, after which time a late fee of five percent of the payment due would be assessed. A provision of the note under the caption "BORROWER'S FAILURE TO PAY AS REQUIRED" provided: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." The note also contained the following acceleration clause:
 {¶ 8} "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me."
{¶ 9} Ms. West began making payments on the note in October 2000. In December of that year, Bankers assessed a late fee of $44.02 for Ms. West's late December payment. In February 2001, Ms. West's check in the amount of $991.22 for January's payment was returned to Banker's because there were insufficient funds in Ms. West's account to cover the check.
{¶ 10} Because Ms. West was in default on the note, Bankers sent her a letter by certified mail on February 7, 2001. The letter informed Ms. West of Bankers' intention to accelerate the loan if she did not cure the default within thirty days. Bankers demanded a payment of $2,126.46 to cure the default, representing past due payments for January and February 2001, a $25 returned check charge, a $44.02 late fee, and a $75 foreclosure referral charge. When Ms. West failed to pay this sum and cure the default, Bankers elected to accelerate the entire balance due on the note. Bankers accordingly filed its complaint for foreclosure, and a trial on the matter was scheduled for July 26, 2001.
{¶ 11} On that date, both parties appeared at the common pleas court to proceed with the trial. Prior to the trial, however, the parties reached a forbearance agreement. Commencing September 1, 2001, Ms. West was to make forty-eight monthly payments of $200.40 in addition to her regular monthly payment of $991.22, for a total monthly payment of $1,191.62, in order to cure the arrearage on her account. The forbearance agreement further provided that if Ms. West became more than thirty days delinquent on the payments, then Bankers could proceed to foreclosure. The agreement was incorporated into the trial court's July 27, 2001 order dismissing Bankers' action without prejudice, subject to the condition that Bankers could move to reinstate the action anytime within six months if Ms. West defaulted on one or more payments.
{¶ 12} On November 1, 2001, Bankers moved the trial court to reinstate the foreclosure action, alleging that Ms. West had failed to make any of the payments required by the forbearance agreement. Ms. West responded by filing a motion to dismiss the original foreclosure action and reinstatement thereof, and a motion to enforce the forbearance agreement. In her motions, Ms. West contended that the statements sent to her by Bankers required payment of an amount in excess of the monthly amount agreed to by the parties in the forbearance agreement.
{¶ 13} Thereafter, Bankers filed a motion for summary judgment on its foreclosure action. In support of its motion, Bankers filed an affidavit of Pamela S. Petas, Bankers' counsel in the foreclosure proceeding. Ms. Petas' affidavit testimony averred that she discussed the August 2001 statement with Ms. West during a telephone conversation. According to the affidavit, Ms. Petas explained that, although the statement indicated the total arrearage amount as of September 1, 2001, Ms. West's monthly payment was still $1,191.62, as agreed to by both parties in the forbearance agreement. Through the affidavit, Ms. Petas testified that she assured Ms. West during this conversation that Bankers intended to fully honor the terms of the forbearance agreement. The affidavit further stated that Ms. Petas sent by facsimile transmission a letter to Ms. West confirming the substance of this conversation. Also in her affidavit, Ms. Petas stated that she faxed another letter to Ms. West in October 2001, again explaining the terms of the forbearance agreement and advising Ms. West that Bankers intended to file a motion to reinstate the foreclosure action due to her continued default on her payments. Copies of both letters from Ms. Petas were appended as exhibits to the affidavit.
{¶ 14} On December 5, 2001, both parties appeared at a hearing on Bankers' motion to reinstate the action. At the hearing, Ms. West conceded that she had not made a single payment since the execution of the forbearance agreement. Ms. West argued that her failure was justified, however, by Bankers' failure to send her a bill for the proper amount. At the conclusion of the hearing, the trial court granted Bankers' motion to reinstate the foreclosure action, and gave Ms. West thirty days to respond to Bankers' motion for summary judgment. On January 4, 2001, Ms. West filed a "notice of dishonor" and an "affidavit of negative averment" in response to Bankers' motion for summary judgment. Thereafter, the trial court granted summary judgment in favor of Bankers.
{¶ 15} After thoroughly reviewing the record, this Court finds no error in the trial court's determination that there are no genuine issues of material fact and Bankers is entitled to judgment as a matter of law. Bankers met its burden under Dresher by submitting evidence showing that Ms. West was in default and that Bankers had given proper notice to Ms. West pursuant to the promissory note and the forbearance agreement, thereby entitling Bankers to acceleration and foreclosure. Accordingly, it became incumbent upon Ms. West to adduce some evidence of the type described in Civ.R. 56(C) showing a genuine issue of material fact for trial. However, Ms. West failed to satisfy this reciprocal burden. At the hearing on Bankers' motion to reinstate the foreclosure action, Ms. West admitted that she failed to make any of the payments required by the forbearance agreement. Instead, Ms. West argued that Bankers failed to send her accurate statements, in spite of the evidence submitted by Bankers showing its correspondence with Ms. West and assurances that the statements only required payments according to the terms of the forbearance agreement incorporated into the trial court's July 27, 2001 order. Moreover, Ms. West's "notice of dishonor" and "affidavit of negative averment" filed in opposition to Bankers' motion for summary judgment were unresponsive to Bankers' arguments that Ms. West was in default under the note and forbearance agreement, and that Bankers was entitled to acceleration of the loan and foreclosure.
{¶ 16} Consequently, we conclude that the trial court did not err in entering summary judgment in favor of Bankers on its complaint for foreclosure. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.